McARTHUR *v.* BROOKLYN RAILWAY SUPPLY Co. and others.

*(Circuit Court, S. D. New York.    January 2, 1884.)*

PATENTS—VALIDITY OF REISSUED LETTERS, No. 2,568.

Reissued letters patent No. 2,568, granted upon the surrender of original letters patent No. 59,733, for an improved broom, were properly reissued. The invention therein described is the same as that described in the original letters, and if the claim is enlarged the reissue was, nevertheless, proper in the absence of intervening rights.

In Equity.

*Eugene N. Elliot,* for orator.

*H. D. Donnelly,* for defendants.

WHEELER, J. The right to a decree in this cause depends upon the validity of reissued letters patent No. 2,598, dated May 14, 1867, granted to William H. Cory, assignee of Thomas Wright, upon the surrender of original letters patent No. 59,733, dated November 13, 1866, for an improved broom. The questions made are as to novelty; and the propriety of the reissue. The broom is for out-door work, and made by doubling small bundles of splints for the brush in the middle and inserting the ends through pairs of holes in a wooden head, astride the wood between the holes, by which and by a back of wood, with a groove for the loop in one or the other, they are held in place. Brushes made of looped bristles drawn through single holes and held in place by wires through the loops, and by grooved backs, and other similar devices, and patents for similar devices, had existed before, but no broom with a head like this had been known or used before. The original patent showed a double socket for a handle to be inserted on either side to secure even wear, and described only metallic splints, and the claim was for simply a wire broom made substantially in the manner set forth. The reissue describes metallic or other suitable splints, and the claim is for such splints inserted in bundles through apertures formed in pairs, in the base plate of the broom, by looping them as described, said apertures being connected by a groove or recess to accomodate the loop and the latter held to its place by a back or upper plate substantially as shown and described. The substitution of other suitable splints for wires would occur to any mechanic with skill for making the brooms, and required no invention. There is nothing described as invented in the reissue that was not in the orignal, and therefore the invention described in

the reissue is the same as that described in the original. The claim in the original covered the broom merely. If that would include the handle and sockets for it, or the sockets, the reissue is for less, for it does not include either. It is merely for the splints so inserted in the head and fastened, making a broom. If the claim is really enlarged, as the reissue was taken out so promptly, and the invention is the same, and no rights of others are shown to have intervened, the reissue would seem to be proper. *Hartshorn* v. *Eagle Shade Roller Co.* 18 FED. REP. 90. But as the head was new, and included in the claim of the original, that could not be taken without infringement by the use of equivalents for the wires of the original, and therefore the claim may not be really enlarged at all. In this view the orator seems to be entitled to the usual decree against infringement.

Let a decree for the orator be entered according to the prayer of the bill, with costs.